UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-50127
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEITH ADELL DANCER,
also known as Keithadell Dancer, and
JESSE WILFORD CLARK, JR, also known as Jessie Clark,

Defendants-Appellants.

_____

Appeal from the United States District Court for the
Western District of Texas, Waco
(W-94-CR-2-1)
_____
December 20, 1995


Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Appellants, Keith Adell Dancer (Dancer) and Jesse Wilford Clark, Jr. (Clark), appeal their convictions of the offense of conspiracy to possess cocaine with intent to distribute in

---

[*]    Local Rule 47.5 provides:  "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

violation of 21 U.S.C. §§ 841(a)(1) and 846.  After considering the record evidence and arguments of counsel for each appellant, we find no reversible error occurred in the district court proceedings which would require reversal.  We reject each appellant's claim of error for the reasons set forth below.

1.  <u>Dancer's appeal.</u>

The district court did not abuse its discretion by admitting the complained of out of court statement of James Williams (Patroy) because the record evidence allows a finding that Patroy was a co-conspirator of Dancer; the statement was made during the course of the conspiracy; and, it was in the furtherance of the conspiracy. Even were we to assume that the alleged conversation occurred at a time that Patroy and Dancer were angry with each other, as suggested by Dancer, such would not establish that Dancer was no longer a part of the conspiracy.  Moreover, even assuming the complained of evidence was erroneously admitted, in light of the other substantial and overwhelming evidence of Dancer's guilt we would find the out of court statement complained of is not reversible error as it did not have a substantial impact on the verdict.

2.  <u>Clark's appeal.</u>

The district court immediately instructed the jury to disregard the objectionable testimony and under such circumstances and in light of the entire record, the refusal to grant a mistrial was not an abuse of discretion.  <u>See</u> <u>United States v. Limones</u>, 8 F.3d 1004, 1007-08 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 1543, 1562 (1994).

2

AFFIRMED.